IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

DEAN C. BOYD            PLAINTIFF

VS.            CIVIL ACTION NO. 3:21-cv-14-DPJ-FKB

THOMAS, et al.            DEFENDANTS

REPORT AND RECOMMENDATION

This case is before the Court *sua sponte*, as the undersigned has considered the issue of whether Plaintiff filed this case in the proper jurisdiction. Having reviewed the matter, the undersigned recommends that this case be transferred to the United States District Court for the Northern District of Mississippi.

28 U.S.C. § 1391 addressing venue of civil actions brought in United States district courts provides that

> A civil action may be brought in--
> (1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located;
> (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or
> (3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

28 U.S.C. § 1391.

According to Plaintiff's complaint [1], all events related to his claim occurred at the Mississippi State Penitentiary ("Parchman") in Parchman, MS, which is located in the jurisdiction of the United States District Court for the Northern District of Mississippi. Plaintiff lists the respective address for each defendant as the address of the defendant's employer. *See* [1] at 2-3, [1-1] at 1, [6] at 1, [13] at 3. Of these employers, only the employer for Defendant Sanders was

1

allegedly located within the jurisdiction of the Southern District of Mississippi according to Plaintiff. *See* [1] at 2-3, [1-1] at 1, [6] at [1], and [13] at 3. After process was not waived for Defendants Harris, Williams, and Sanders, the Court entered an order directing service of process for all three defendants at Parchman. *See* [27].

As Plaintiff has alleged that all events at issue occurred at Parchman and has not provided any evidence or allegation that any Defendant *resides* within the jurisdiction of this Court, it appears that venue for this case is proper in the Northern District of Mississippi.

Therefore, the undersigned recommends that this case be transferred to the United States District Court for the Northern District of Mississippi.

Plaintiff is referred to 28 U.S.C. § 636(b)(1)(B) and Fed. R. Civ. P. 72(b) for the appropriate procedure in the event he desires to file objections to these findings and recommendations. Plaintiff is further notified that failure to file written objections to the proposed findings, conclusions, and recommendation contained within this report and recommendation within fourteen (14) days after being served[1] with a copy shall bar him, except upon grounds of plain error, from attacking on appeal the unobjected to proposed factual findings and legal conclusions accepted by the district court. 28 U.S.C. § 636; Fed. R. Civ. P. 72(b) (as amended, effective December 1, 2009); *Douglass v. United Services Automobile Association*, 79 F.3d 1415, 1428 29 (5th Cir. 1996).

THIS, the 5th day of July, 2022.

                                                  /s/ F. Keith Ball
                                                  UNITED STATES MAGISTRATE JUDGE

---

[1] Pursuant to Fed. R. Civ. P. 5(b)(2)(C), mailing a copy of this order to Plaintiff's last known address is sufficient to serve Plaintiff with this order. The undersigned's staff shall mail this order to Plaintiff at the last known address provided to the Court, as indicated on the Court's docket.