UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

DEAN C. BOYD     PLAINTIFF

V.     CIVIL ACTION NO. 3:21-CV-14-DPJ-FKB

VICKIE THOMAS, ET AL.     DEFENDANTS

ORDER

Plaintiff Dean C. Boyd brings § 1983 claims related to his treatment while incarcerated at the Mississippi State Penitentiary in Parchman, Mississippi. The matter is before the Court on the Report and Recommendation [68] of United States Magistrate Judge F. Keith Ball, who recommends transferring the action to the Northern District of Mississippi. Boyd has filed a timely objection. *See* Obj. [69]. Because this district is not a proper venue, the Court adopts Judge Ball's recommendation in full.

"While personal jurisdiction governs a court's power over a defendant, federal venue rules determine in which judicial district (among those that have power to hear a given suit) a suit should be heard." *KM Enters. v. Glob. Traffic Techs., Inc.*, 725 F.3d 718, 724 (7th Cir. 2013) (citing *Leroy v. Great W. United Corp.*, 443 U.S. 173, 180 (1979)); *see* 28 U.S.C. § 1390 (defining venue as "the geographic specification of the proper court or courts for the litigation of a civil action that is withing the subject-matter jurisdiction of the district courts"). As a starting matter,

> [a] civil action may be brought in—
> (1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located;
> (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or
> (3) if there is no district in which an action may otherwise be brought as provided

in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

28 U.S.C. § 1391(b). *But see* 28 U.S.C. § 1404 (allowing a district court that is a proper venue to transfer an action to a more convenient venue).

Judge Ball recommends transferring this case to the Northern District of Mississippi because "Plaintiff has alleged that all events at issue occurred at Parchman [in the Northern District] and has not provided any evidence or allegation that any Defendant resides within the [Southern District]." R&R [68] at 2; *see* 28 U.S.C. § 1406(a) (allowing a court which is not a proper venue to transfer a case to an appropriate one). As Judge Ball noted, the only conceivable connection to this district is Boyd's contention that Defendant Lieutenant Sanders's *employer* is located in Jackson, Mississippi. R&R [68] at 2; *see* Resp. [13] at 3. But venue must be based on Sanders's residence, not his employer's location. 28 U.S.C. § 1391(b).

In his Objection, Boyd admits "that most [or] all events related to his claim occurred at the Mississippi State Penitentiary." Obj. [69] at 2. He nonetheless wants this Court to retain the case because he is "await[ing] . . . a transition to Central Mississippi Correctional Facility [in the Southern District]." *Id.* But, as stated, venue is based on the defendant's residence. So, even if Boyd is ultimately transferred, there would still be no basis for proper venue in the Southern District. Therefore, Judge Ball's Report and Recommendation is adopted, and this case is transferred to the Northern District of Mississippi.

**SO ORDERED AND ADJUDGED** this the 25th day of July, 2022.

s/ *Daniel P. Jordan III*
CHIEF UNITED STATES DISTRICT JUDGE