IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
GREENVILLE DIVISION

DEAN C. BOYD                                                                                    PLAINTIFF

v.                                                                                         No. 4:22CV113-GHD-RP

VICKIE THOMAS, ET AL.                                                                   DEFENDANTS

MEMORANDUM OPINION

This matter comes before the court on the *pro se* prisoner complaint of Dean C. Boyd, who challenges the conditions of his confinement under 42 U.S.C. § 1983. For the purposes of the Prison Litigation Reform Act, the court notes that the plaintiff was incarcerated when he filed this suit. The plaintiff has brought the instant case under 42 U.S.C. § 1983, which provides a federal cause of action against "[e]very person" who under color of state authority causes the "deprivation of any rights, privileges, or immunities secured by the Constitution and laws." 42 U.S.C. § 1983. The plaintiff alleges that the defendants have physically mistreated him, failed to provide him with adequate medical treatment, placed him in unconstitutionally harsh general living conditions, and retaliated against him for seeking redress for these grievances.

Defendant Shirley Harris has moved [54] for summary judgment, arguing that the plaintiff has not exhausted his administrative remedies before filing the instant suit, as required by the Prison Litigation Reform Act. *See* 42 U.S.C. §1997e(a). Defendants Vickie Thomas, N.P. Miranda Shegog, P.A. Shauna Nguyen, James Glisson, M.D., and Willie Knighten have also moved [58] to dismiss the claims against them, similarly arguing that the plaintiff has not exhausted his administrative remedies. As the motion [58] to dismiss references documents outside the pleadings[1], the court will construe it

---

[1] Rule 12(d) provides that "[i]f, on a motion under Rule 12(b)(6) or 12(c), matters outside the

as a motion for summary judgment. Fed. R. Civ. P. 12(d). The plaintiff has responded to these motions, and the matter is ripe for resolution. For the reasons set forth below, the motions [54], [58] by the defendants will be granted, and the instant case will be dismissed without prejudice for failure to exhaust administrative remedies.

## Summary Judgment Standard

Summary judgment is appropriate if the "materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials" show that "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a) and (c)(1). "The moving party must show that if the evidentiary material of record were reduced to admissible evidence in court, it would be insufficient to permit the nonmoving party to carry its burden." *Beck v. Texas State Bd. of Dental Examiners*, 204 F.3d 629, 633 (5th Cir. 2000) (citing *Celotex Corp. v. Catrett*, 477 U.S. 317 (1986), *cert. denied*, 484 U.S. 1066 (1988)). After a proper motion for summary judgment is made, the burden shifts to the non-movant to set forth specific facts showing that there is a genuine issue for trial. *Anderson v. Liberty Lobby*, Inc., 477 U.S. 242, 249, 106 S. Ct. 2505, 2511, 91 L. Ed. 2d 202 (1986); *Beck*, 204 F.3d at 633; *Allen v. Rapides Parish School Bd.*, 204 F.3d 619, 621 (5th Cir. 2000); *Ragas v. Tennessee Gas Pipeline Company*, 136 F.3d 455, 458 (5th Cir. 1998).

Substantive law determines what is material. *Anderson*, 477 U.S. at 249. "Only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment. Factual disputes that are irrelevant or unnecessary will not be counted." *Id.*, at

---

pleadings are presented to and not excluded by the court, the motion must be treated as one for summary judgment under Rule 56."

248. If the non-movant sets forth specific facts in support of allegations essential to his claim, a genuine issue is presented. *Celotex*, 477 U.S. at 327. "Where the record, taken as a whole, could not lead a rational trier of fact to find for the non-moving party, there is no genuine issue for trial." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587, 89 L. Ed. 2d 538 (1986); *Federal Savings and Loan, Inc. v. Krajl*, 968 F.2d 500, 503 (5th Cir. 1992).

The facts are reviewed drawing all reasonable inferences in favor of the non-moving party. *Allen*, 204 F.3d at 621; *PYCA Industries, Inc. v. Harrison County Waste Water Management Dist.*, 177 F.3d 351, 161 (5th Cir. 1999); *Banc One Capital Partners Corp. v. Kneipper*, 67 F.3d 1187, 1198 (5th Cir. 1995). However, this is so only when there is "an actual controversy, that is, when both parties have submitted evidence of contradictory facts." *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994); *see Edwards v. Your Credit, Inc.*, 148 F.3d 427, 432 (5th Cir. 1998). In the absence of proof, the court does not "assume that the nonmoving party could or would prove the necessary facts." *Little*, 37 F.3d at 1075 (emphasis omitted).

## Undisputed Material Facts

At the time of filing his complaint, plaintiff Dean C. Boyd was a state inmate in the custody of the Mississippi Department of Corrections ("MDOC"). Doc. 1 at 2. At all times relevant to his suit, Boyd was incarcerated at the Mississippi State Penitentiary in Parchman, Mississippi ("MSP"). *Id*. He alleges that defendant Harris condoned numerous acts of cruel and unusual punishment by allowing him to be quarantined in solitary confinement for fourteen days. Doc 1-2 at 14, 15. Mr. Boyd alleges that defendants Nurse Vickie Thomas, N. P. Miranda Shegog, P. A. Shauna Nguyen, James Glisson, M.D., and Willie Knighten took part in those acts of cruel and unusual punishment during that fourteen-day period.

On December 4, 2020, Boyd submitted a grievance to the Administrative Remedy Program ("ARP") regarding his solitary confinement allegations. *See* MSP-20-1271, attached to Harris Motion

Exhibit "A" at MDOC-BOYD 14-000006. In ARP MSP-20-1271, Boyd sought compensation of $5,000,025.00 from each person responsible for his alleged unconstitutional mistreatment. *Id.* at MDOC-BOYD 14-000012. The ARP rejected grievance MSP-20-1271 because the relief requested was beyond the power of the Administrative Remedy Program to grant. *Id.* at MDOC-BOYD 14-000006. Boyd received the rejected response on December 9, 2020, but failed to return a corrected complaint that could be processed to completion by the ARP. *Id.* As discussed in detail below, he did not submit a proper ARP grievance and did not exhaust his administrative remedies before filing suit as required by 42 U.S.C. §1997e(a).

Dean Boyd also submitted separate grievances alleging misconduct by defendants Nguyen and Shegog. Those grievances were also rejected for seeking relief the ARP could not grant. As with the grievance regarding quarantine, Boyd did not amend these grievances to seek relief in accordance with the ARP process. He thus failed to exhaust his administrative remedies as to those grievances, as well.

Boyd did not file a grievance naming defendant Willie Knighten – and thus failed to seek – or exhaust – an administrative remedy regarding the claim against her.

### Failure to Exhaust Administrative Remedies

The documents the parties have provided reveal that Dean C. Boyd did not exhaust the prison grievance process as to any of his claims before filing the instant suit. Congress enacted the Prison Litigation Reform Act ("PLRA"), 42 U.S.C. §1997e *et seq.* – including its requirement that inmates exhaust their administrative remedies prior to filing suit – in an effort to address the large number of prisoner complaints filed in federal courts. *See Jones v. Bock*, 549 U.S. 199, 202 (2007). Congress created the exhaustion requirement to weed out the frivolous claims from the colorable ones. *Id.* at 203.

The Prison Litigation Reform Act ("PLRA"), 42 U.S.C. §1997e(a), requires prisoners to exhaust any available administrative remedies before filing suit under 42 U.S.C. §1983. The exhaustion requirement protects administrative agency authority, promotes efficiency, and produces "a useful record for subsequent judicial consideration." *Woodford v. Ngo*, 548 U.S.81, 89 (2006). A prisoner cannot satisfy the exhaustion requirement "by filing an untimely or otherwise procedurally defective administrative grievance or appeal" because "proper exhaustion of administrative remedies is necessary." *Woodford v. Ngo*, 548 U.S. 81, 83-84 (2006); see also *Johnson v. Ford*, 261 F. App'x 752, 755 (5th Cir. 2008)( the Fifth Circuit takes "a strict approach" to the PLRA's exhaustion requirement)(*citing Days v. Johnson*, 322 F.3d 863, 866 (5th Cir. 2003)); *Lane v. Harris Cty. Med. Dep't*, No. 06-20935, 2008 WL 116333, at *1 (5th Cir. Jan. 11, 2008)( under the PLRA, "the prisoner must not only pursue all available avenues of relief; he must also comply with all administrative deadlines and procedural rules"). Indeed, "a prisoner must now exhaust administrative remedies even where the relief sought – monetary damages – cannot be granted by the administrative process." *Booth v. Churner*, 532 U.S. 731, 739 (2001).

The requirement that claims be exhausted prior to the filing of a lawsuit is mandatory. *Gonzalez v. Seal*, 702 F.3d 785 (5th Cir.2012). "Whether a prisoner has exhausted administrative remedies is a mixed question of law and fact." *Dillon v. Rogers*, 596 F.3d 260, 266 (5th Cir. 2010). As "exhaustion is a threshold issue that courts must address to determine whether litigation is being conducted in the right forum at the right time, . . . judges may resolve factual disputes concerning exhaustion without the participation of a jury." *Id.* at 272. A prisoner should face a significant consequence for deviating from the prison grievance procedural rules:

> The benefits of exhaustion can be realized only if the prison grievance system is given a fair opportunity to consider the grievance. The prison grievance system will not have such an opportunity unless the grievance complies with the system's critical procedural rules. A prisoner who does not want to participate in the prison grievance

system will have little incentive to comply with the system's procedural rules unless noncompliance carries a sanction . . . .

*Woodford* at 95.

Mississippi Code Annotated § 47-5-801 grants the Mississippi Department of Corrections the authority to adopt an administrative review procedure at each of its prisons. Under this statutory authority, the Mississippi Department of Corrections created the Administrative Remedy Program ("ARP") through which an inmate may seek formal review of a grievance relating to any aspect of his incarceration. This court approved the Administrative Remedy Program in *Gates v. Collier*, GC 71-6-S-D (N.D. Miss. Feb. 15, 1994).

The two-step ARP process begins when an inmate first submits his grievance in writing to the prison's Legal Claims Adjudicator within thirty days of the incident. *Howard v. Epps*, No. 5:12CV61-KS-MTP, 2013 WL 2367880, at *2 (S.D. Miss. May 29, 2013). The Adjudicator initially screens the grievance and determines whether to accept it into the ARP process. *Id.* The screening phase operates as a filter – applied before the formal grievance process begins – to remove procedurally defective or otherwise invalid grievances.

As set forth above, a prisoner cannot satisfy the exhaustion requirement by filing a procedurally defective grievance or appeal. *Woodford, supra*. Hence, rejection of a grievance during the screening phase terminates the grievance – and does *not* count as exhaustion of the grievance process. *See Seales v. Shaw*, No. 5:15-CV-59-KS-MTP, 2016 WL 616749, at *3 (S.D. Miss. Jan. 26, 2016), *report and recommendation adopted sub nom. Seales v. Wilkinson Cty. Corr. Facility*, No. 5:15-CV59-KS-MTP, 2016 WL 616385 (S.D. Miss. Feb. 16, 2016) (finding rejection during initial MDOC screening process not to constitute exhaustion); *Goldmon v. Epps*, No. 4:14-CV-0112-SA-SAA, 2015 WL 5022087, at *3 (N.D. Miss. Aug. 24, 2015) (same); *see also Robinson v. Wheeler*, 338 Fed. Appx. 437 (5th Cir. 2009) (per curiam) (not reported) (upholding Louisiana

initial screening provision of prison grievance process). However, if the defects in the original grievance were minor ("technical" or "matters of form") an inmate may submit a corrected grievance within five days of the rejection:

> If a request is rejected for technical reasons or matters of form, the inmate shall have five days from the date of rejection to file his/her corrected grievance.

See https://www.mdoc.ms.gov/Inmate-Info/Documents/CHAPTER_VIII.pdf (last visited April 3, 2019)).

If accepted, the grievance is forwarded to the appropriate official who then issues a First Step Response to the inmate. *Howard, supra.* If the inmate is unsatisfied with the first response, he may continue to the Second Step by completing an appropriate grievance form and sending it to the Legal Claims Adjudicator. *Id.* The Superintendent, Warden or Community Corrections Director will then issue a final ruling, or Second Step Response – which completes the ARP process. *Id.* Issuance of the Second Step Response is the only way to complete the grievance process. If the inmate is unsatisfied with that response, he may file suit in state or federal court. *Id.*

The Inmate Handbook requires that a grievance "present as many facts as possible to answer all the questions who, what, when, where, and how concerning the incident." *See Pinkton v. Jenkins*, 2019 WL 1089087, *3 (N.D. Miss. 2019). Although a plaintiff is "not required to present specific legal theories in his grievances, . . . he [is] required to provide facts and to alert prison officials of the problem in order to give them an opportunity to address it." *Johnson v. Johnson*, 385 F.3d 503, 517 (5th Cir. 2004). "[T]his portion of [MDOC's] ARP requires that all officials involved be named or at least referenced in description." *Holton v. Hogan*, 2018 WL 707544, *3 (S.D. Miss. 2018); *see also Pinkton*, 2019 WL 1089087 at *3 (dismissing claims

against two defendants for failure to exhaust administrative remedies where plaintiff never filed grievance regarding the actions of the two defendants).

In this case, Mr. Boyd filed grievances against all defendants except Willie Knighten, but in each grievance he requested forms of relief (money damages and issuance of an "order") that were beyond the power of the ARP to grant. He had the opportunity to cure these deficiencies and proceed with the grievance process, but he chose not to. As such, his claims against Defendants Shirley Harris, Vickie Thomas, N.P. Miranda Shegog, P.A. Shauna Nguyen, and James Glisson, M.D. must be dismissed without prejudice for failure to exhaust administrative remedies. Mr. Boyd never filed a grievance against Willie Knighten; as such, his claims against her must be dismissed for the same reason.

In his responses to the defendants' motions, Mr. Boyd argues that, once his grievances were rejected by the Administrative Remedy Program, he had completed the grievance process, as he had taken the process "as far as he could go." Doc. 59 at 5. He argues that, in terminating his grievance, prison staff simply did not "wish to address his complaints." *Id.* He is mistaken. His grievances were rejected not because prison staff did not wish to hear them – but because the grievances were defective – seeking money damages and other relief not available through the grievance process. Inmates must follow the procedural rules during the grievance process in order to properly exhaust that process. *See Lane, supra.* Boyd had not taken the process "as far as he could go" because he could have amended his grievance to request a form of relief available through the grievance process (such as a transfer away from the staff with whom he had conflict). He chose not to – thus terminating the grievance process before its completion. His arguments are thus unavailing, and the defendants' dispositive motions will be granted.

## Conclusion

For the reasons set forth above, defendant Shirley Harris' motion [54] for summary judgment and the summary judgment motion [58] by defendants Vickie Thomas, N.P. Miranda Shegog, P.A. Shauna Nguyen, James Glisson, M.D., and Willie Knighten will be granted.[2] The instant case will therefore be dismissed without prejudice for failure to exhaust administrative remedies. A final judgment consistent with this memorandum opinion will issue today.

**SO ORDERED**, this, the 16th day of August, 2022.

_____
SENIOR JUDGE

---

[2] Defendants Sgt. Williams and Officer Sanders have not been served with process in this case; however, the plaintiff has not exhausted his administrative remedies as to these defendants, either. Where a defending party shows that a plaintiff has no cause of action, the defense also benefits an unserved or defaulting defendant. *Lewis v. Lynn*, 236 F.3d 766, 768 (5th Cir. 2001). As such, Defendants Williams and Sanders will be dismissed without prejudice from this case for failure to exhaust administrative remedies.