IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
GREENVILLE DIVISION

DEAN C. BOYD                                                                                    PLAINTIFF

v.                                                                                    No. 4:22CV113-GHD-RP

VICKIE THOMAS, ET AL.                                                                  DEFENDANTS

### ORDER DENYING PLAINTIFF'S MOTION [78]
### TO ALTER OR AMEND JUDGMENT

This matter comes before the court on the plaintiff's motion [78] under Fed. R. Civ. P. 59(e) for reconsideration of the court's August 16, 2022, memorandum opinion and final judgment dismissing the instant case for failure to exhaust administrative remedies.[1] A motion to amend judgment under Fed. R. Civ. P. 59(e) must be filed within 28 days of entry of judgment. An order granting relief under Rule 59(e) is appropriate: (1) when there has been an intervening change in the controlling law, (2) where the movant presents newly discovered evidence that was previously unavailable, or (3) to correct a manifest error of law or fact. *Schiller v. Physicians Res. Grp. Inc.*, 342 F.3d 563, 567 (5th Cir. 2003). As discussed below, none of these reasons apply, and the instant motion will be denied.

### The Court's Ruling

In its memorandum opinion, the court found that the plaintiff did not exhaust his administrative remedies for the claims presented in his complaint. Each of the grievances he submitted to the Administrative Remedy Program was rejected for seeking relief unavailable

---

[1] The plaintiff styled the document [78] as an "Objection to Defendants' Thomas, Shegog, Ywen, Glisson, and Knighten Memorandum Opinion," and the Clerk of the Court filed it as such. During Boyd's appeal of the dismissal of this case, the Fifth Circuit Court of Appeals noted that the document operated, instead, as a motion for relief from judgment under Fed. R. Civ. P. 59(e). Doc. 85. The Fifth Circuit then remanded the case for the limited purpose of ruling on the motion.

through the grievance process:

| ARP MSP-20-1271 | December 1, 2020 | Rejected December 4 for seeking money damages (not within the power of the grievance program). |
| --- | --- | --- |
| | | Boyd received the rejection December 9. |
| | | No corrected grievance filed |
| ARP MSP-20-1260 | November 2020 | Rejected December 1 for seeking an "order of scrutiny" regarding "Ywen" Physician Assistant" (not within the power of the grievance program). |
| | | Boyd received the rejection December 9. |
| | | No corrected grievance filed. |
| ARP MSP-20-1235 | December 8, 2020 | Rejected December 11 for seeking money damages (not within the power of the grievance program). |
| | | Boyd received the rejection December 16. |
| | | No corrected grievance filed. |

*See* Docs. 54-1, 54-2, 54-3 (affidavits of Paul Pennington, Statewide Director of the Administrative Remedy Program for the Mississippi Department of Corrections, with exhibits). The defendants have provided documentary proof regarding Boyd's failure to exhaust the grievance process, including affidavits noting that the Administrative Remedy Program never received any corrected grievances. *Id.* The plaintiff has offered no documentary proof to the contrary.

### The Plaintiff's Arguments

The plaintiff offers two arguments in support of his motion to alter or amend judgment. First, he argues that he did file corrected grievances. Doc. 78 at 2. He states:

> Plaintiff ARP was rejected (MSP-20-1271) because the relief requested was beyond the power of the Administrative Remedy Program to grant. He received the rejected response on December 9, 2020, and on the 11th day of December, 2020, he corrected the (ARP) and returned a corrected complaint before the five (5) day window closed, to be processed to completion by the (ARP). Plaintiff aver that he submitted proper

> (separate) (ARP) grievance and he did exhaust his Administrative Remedies before filing suit. Plaintiff never received a final ruling by Superintendent, Warden, or Community Corrections Director which was beyond the scope of plaintiff being incarcerated.

Doc. 78 at 2. Though the plaintiff states that he filed a corrected grievance, he has offered no documentary proof to show that he did so; nor has he stated what relief he sought in such a grievance that was within the power of the Administrative Remedy Program to grant (to correct the deficiency). As such, the plaintiff's first argument is unavailing.

His second argument is that he exhausted his Administrative Remedies merely by virtue of submitting his grievance:

> Plaintiff aver that he in fact complied with the Administrative Procedure by filing Step On[e] grievances and putting prison officials on notice of his complaint, which were filed on or about December 1, 2020.
>
> ...
>
> Plaintiff aver that he brought his grievance to the prison officials' attention, they rejected and refused to hear it. So he had appealed as far as he could go. The prison officials did not wish to address his complaints. Plaintiff gave the state officials an opportunity, which is all that is required, and he may not be penalize[d] ... simply because the prison does not wish to hear his grievance, so they rejected it. *See Oscar Mayer*, 441 U.S. at 786, 99 S.Ct. 2066. "We therefore hold that a prisoner who has presented his or her grievance through one *complete* round of the prison process has exhausted the available administrative remedies under 42 U.S.C. §1997(e)(A) regardless of whether the prisoner complied with the grievance system's procedure requirements." *Booth*, 532 U.S. at 786, 121 S.Ct. 1879.) Plaintiff aver that he appealed as far as he could. He had quite literally exhausted his ability to go any further within the internal prison system.

Doc. 78 at 2.

The *Oscar Meyer* case the plaintiff cites involves the Age Discrimination in Employment Act, not the Prison Litigation Reform Act; as such, it is inapposite in the instant case. *See Oscar Mayer & Co. v. Evans*, 441 U.S. 750, 750, 99 S. Ct. 2066, 2068, 60 L. Ed. 2d 609 (1979). In addition, the plaintiff's citation to *Booth v. Churner* was incorrect, as was the quotation – as well as the ultimate holding. *See Booth v. Churner*, 532 U.S. 731, 741, 121 S. Ct. 1819, 1825, 149 L.

Ed. 2d 958 (2001). Boyd cites *Booth* for the proposition that a prisoner need not comply with the procedural requirements of the prison grievance system to exhaust his administrative remedies. However, the issue in *Booth* was whether an inmate must exhaust the prison grievance system – when that system does not offer the form of relief he seeks. *Booth v. Churner*, 532 U.S. 731, 741, 121 S. Ct. 1819, 1825, 149 L. Ed. 2d 958 (2001). The Supreme Court held that the inmate must indeed seek relief through the grievance process, regardless of the relief he seeks or the prison offers. *Id.*

As for Boyd's contention that he need not follow the prison's grievance procedures, the Supreme Court has held to the contrary:

> Proper exhaustion demands compliance with an agency's deadlines and other critical procedural rules because no adjudicative system can function effectively without imposing some orderly structure on the course of its proceedings.

*Woodford v. Ngo*, 548 U.S. 81, 90–91, 126 S. Ct. 2378, 2386, 165 L. Ed. 2d 368 (2006). For these reasons, the plaintiff's arguments find no support in the record and hold no substantive merit, and the instant motion to alter or amend judgment will be denied.

## Conclusion

The plaintiff has neither asserted nor proven any of the justifications to amend a judgment under Fed. R. Civ. P. 59(e). As such, his request to alter or amend judgment is **DENIED**.

**SO ORDERED**, this, the 10th day of July, 2023.

_____
SENIOR JUDGE